IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

TIMOTHY W. CLAY, )
  )
    Plaintiff, )
  )
vs. ) No. CIV-08-85-W
  )
ASST. DIST. ATT. FERN SMITH et al., )
  )
    Defendants. )

FILED

AUG 26 2008

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

## ORDER

On July 11, 2008, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter regarding the Motion to Dismiss filed pursuant to Rule 12(b)(6), F.R.Civ.P., by defendants C. Wesley Lane II, Fern Smith, John Whetsel and the Board of County Commissioners of Oklahoma County ("County"). Magistrate Judge Bacharach recommended inter alia that the Court grant in part and deny in part these defendants' request for dismissal. The parties were advised of their right to object, and the matter now comes before the Court on the defendants' Objection and on the response filed by plaintiff Timothy W. Clay.

Clay has sought relief under title 42, section 1983 of the United States Code, and he has alleged that he was deprived of certain constitutional rights because the defendants lacked a properly signed warrant at the time of his arrest and because they failed to charge or release him within 48 hours of his arrest.

Upon de novo review of the record, the Court concurs with Magistrate Judge Bacharach's suggested disposition of the defendants' Motion to Dismiss and with his recommendations with regard to certain remaining matters.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 53] filed on July 11, 2008;

(2) DENIES the defendants' Motion to Dismiss [Doc. 30] filed on April 24, 2008, to the extent that the defendants have argued that dismissal is warranted at this stage of the litigation because the matter is time-barred;

(3) DENIES the Motion to Dismiss to the extent that the defendants have argued that Clay's request for damages is premature under Heck v. Humphrey, 512 U.S. 477 (1994);

(4) GRANTS the Motion to Dismiss to the extent the Court finds that defendants Lane and Smith in their individual capacities are entitled to absolute prosecutorial immunity on Clay's claims that seek monetary relief and hereby DISMISSES with prejudice these two defendants in their individual capacities;

(5) ADOPTS Magistrate Judge Bacharach's Order for Substitution [Doc. 52] filed on July 11, 2008, and thus, with respect to Clay's claims against Lane in his official capacity, hereby SUBSTITUTES David Prater, Lane's successor as District Attorney of Oklahoma County, Oklahoma, in his official capacity only;

(6) sua sponte DISMISSES without prejudice Clay's claims for money damages against Prater in his official capacity and Clay's claims for money damages against Smith in her official capacity since such claims are barred by the eleventh amendment to the United States Constitution;

(7) sua sponte DISMISSES with prejudice Clay's claims against Lane and Smith in their individual and official capacities and his claims against Prater in his official capacity

2

that are based upon Clay's requests for release and sentence modification since these claims are not actionable under section 1983;

(8) GRANTS the Motion to Dismiss to the extent that the Court hereby DISMISSES Clay's claims against Whetsel in his individual capacity because Clay has failed to establish any personal participation on the part of this defendant, an essential element of Clay's claims under section 1983, but FINDS that such dismissal is without prejudice and that Clay should be and is hereby permitted the opportunity to amend his claims against Whetsel, individually;

(9) GRANTS the Motion to Dismiss to the extent that the Court hereby DISMISSES Clay's claims against Whetsel in his official capacity because Clay has failed to allege that the constitutional deprivations about which he has complained resulted from a governmental policy or custom, but again FINDS that such dismissal is without prejudice and that Clay should be and is hereby permitted the opportunity to amend his claims against Whetsel in his official capacity;[1]

(10) GRANTS the Motion to Dismiss to the extent that the Court hereby DISMISSES Clay's claims against the County because Clay, as stated, has failed to allege that a governmental policy or custom was the moving force behind the constitutional violations set forth in Clay's amended complaint, but FINDS that such dismissal is without prejudice and that Clay should be and is hereby permitted the opportunity to amend his claims against the County;

---

[1] Clay is REMINDED that his claims against Whetsel in his official capacity are in reality claims against the County, e.g., Kentucky v. Graham, 473 U.S. 159 (1985), and to that extent, are redundant.

3

(11) GRANTS the Motion to Dismiss to the extent that the Court hereby DISMISSES Clay's claims against the Oklahoma County Sheriff's Office since it is not a suable entity or proper party defendant in this action;

(12) DIRECTS Clay to file his second amended complaint within fifteen (15) days if he intends to pursue his claims against Whetsel, individually and/or in his official capacity or if he intends to pursue his claims against the County;[2] and

(13) RE-REFERS this matter to Magistrate Judge Bacharach for further proceedings.

ENTERED this 26th day of August, 2008.

                                              /s/ Lee R. West
                                              LEE R. WEST
                                              UNITED STATES DISTRICT JUDGE

---

[2] See footnote 1 supra.