IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY W. CLAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-08-85-W |
| ) | |
| ASSIT. [sic] DIST. ATT. FERN SMITH, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION ON MOTION
FOR SUMMARY JUDGMENT BY DEFENDANT ANNE FOLMAR**

Mr. Timothy Clay has sued Officer Anne Folmar under 42 U.S.C. § 1983 for constitutional deprivations surrounding an arrest. According to the Plaintiff, Officer Folmar failed to obtain a proper signature on the warrant. Defendant Folmar moves for summary judgment, relying in part on the statute of limitations. This motion should be granted.[1]

STANDARD FOR SUMMARY JUDGMENT

Summary judgment is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When a summary judgment motion is filed, "[t]he court views the record and draws all favorable

---

[1] Because summary judgment is appropriate on the issue involving the statute of limitations, the Court need not address Defendant Folmar's other arguments.

inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 ( 10th Cir. 2005) (citation omitted).

ALLEGATION CONCERNING AN UNSIGNED WARRANT

According to the Plaintiff, Officer Folmar effected an arrest on November 26, 2004, without obtaining a signed warrant. Defendant Folmar argues that the limitations period is two years and that more than two years passed between the initiation of legal process and the filing of the present suit. She is correct.

I.   Undisputed Material Facts

The undisputed evidence reflects the following facts:

- Mr. Clay was arrested without a warrant on November 26, 2004.[2]

- On November 30, 2004, Oklahoma County District Judge Russell Hall conducted a probable cause hearing and determined that probable cause existed to continue Mr. Clay's detention.[3]

II.  Existence of a Two-Year Limitations Period

As the Defendant argues, the limitations period is two years.[4]

---

[2] *See* Motion for Summary Judgment of Defendant Anne Folmar (now Lapuzza) and Brief in Support Thereof at pp. 1, 5 (Feb. 12, 2009) ("Defendant's Motion for Summary Judgment"); Response of Plaintiff, Timothy W. Clay, to the Motion for Summary Judgment of Defendant, Anne Folmar, and Brief in Support Thereof at p. 1 (Mar. 2, 2009) ("Plaintiff's Response").

[3] Defendant's Motion for Summary Judgment at p. 6 & Exh. 6; *see* Plaintiff's Response at p. 4.

[4] *See Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (Oklahoma's two-year period of limitations applied to a claim involving an illegal arrest); *see also Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988) (in Oklahoma, the applicable period of limitations for a Section 1983 action is two years).

III.    Accrual Date for the Statute of Limitations

In his complaint, Mr. Clay limited his claim against Officer Folmar to the alleged defects in the warrant and did not challenge the existence of probable cause.[5] Under this theory, Mr. Clay's claim accrued on November 30, 2004.

Under federal law, accrual of the statute of limitations depends on the reason for the detention. *See Mondragon v. Thompson*, 519 F.3d 1078, 1082-83 (10th Cir. 2008). Two scenarios exist.

One situation involves an arrest without legal process. In this situation, a challenge to the detention would fall under the Fourth Amendment. *See id.* at 1082. A Fourth Amendment claim accrues when the detainee was released or when the detainee obtained legal process for continuation of his imprisonment. *See id.* at 1083. If the detainee never obtained legal process, "he has a straightforward claim under the Fourth Amendment for his entire time in jail" and the cause of action would "not accrue until the false imprisonment ends." *Id.* at 1083-84.

A second situation arises when the detainee obtained legal process. That process may have been proper or improper. If it was proper, the constitutional violation ended and the detainee's Fourth Amendment claim accrued upon acquisition of the legal process. *See id.* If the legal process was improper, continued detention would be unconstitutional because of

---

[5] *See* Civil Rights Complaint Pursuant to 42 U.S.C. 1983 at pp. 1-10 (Mar. 13, 2008) ("Complaint"); *see also* Plaintiff's Response at p. 5 (confirming that the plaintiff challenges the defects in the warrant, but not the existence of probable cause).

this impropriety rather than an irregularity in the earlier arrest. *See id*. at 1083. In this situation, the attack on detention from the improper legal process would trigger the procedural component of the Fourteenth Amendment's Due Process Clause. *See id.* That claim accrues only when the process resulted in favorable termination of the imprisonment, such as acquittal, habeas corpus, or voluntary dismissal of the prosecution. *See id.*

Mr. Clay's situation falls under the Fourth Amendment. Authorities arrested Mr. Clay without a warrant; but he obtained legal process four days later, when Judge Hall found probable cause to hold Mr. Clay. *See supra* p. 2. Mr. Clay does not challenge the propriety of that legal process,[6] and his claims therefore accrued when Judge Hall found probable cause: November 30, 2004. *See supra* pp. 2-3.

A similar situation recently arose in *Young v. Davis*, 554 F.3d 1254 (10th Cir. 2009). There officials arrested Mr. Young without a warrant, but days later a judicial officer found probable cause. *See Young v. Davis*, 554 F.3d at 1257. The Western District of Oklahoma held that the probable cause determination constituted "legal process," and Mr. Young's false

---

[6] Mr. Clay interprets the Defendant's reliance on the probable cause finding as "an attempt to cure the deficient [unsigned warrant]." Plaintiff's Response at p. 4. This argument misinterprets the Defendant's theory. Officer Folmar is not attempting to use the probable cause finding to "cure" the alleged deficiencies in the warrant. Instead, the Defendant is arguing that for purposes of the limitations period, Mr. Clay obtained legal process on November 30, 2004.

Mr. Clay also argues that the Court may not assume that Judge Hall relied on Officer Folmar's factual basis. *Id.* The argument is factually inaccurate and legally immaterial. The inaccuracy is evident, as Judge Hall expressly relied on the police officer's sworn affidavit. Defendant's Motion for Summary Judgment, Exh. 6. Even if the argument had been factually accurate, the point would remain unclear. Regardless of Judge Hall's rationale, the Plaintiff has elsewhere clarified that he is not challenging the ultimate finding of probable cause. *See supra* p. 3.

arrest/false imprisonment claim accrued on that date. *See id.* The Tenth Circuit Court of Appeals affirmed, holding:

> An arrest warrant and the probable cause determination by a judicial officer after a warrantless arrest are essentially the same legal process, except that one occurs prior to arrest and the other occurs after. Because there was a judicial determination of probable cause on January 28, 2005, Mr. Young became lawfully detained pursuant to legal process at that point, and the statute of limitations began to run on his false arrest/false imprisonment claim.

*Id.* (citations omitted).

*Young* is controlling. Mr. Clay challenges the legality of his arrest, but does not question the validity of his subsequent legal process - a probable cause determination by Judge Hall - on November 30, 2004. As in *Young*, the judge's finding of probable cause triggered the limitations period. Because Mr. Clay did not file the complaint until March 2008,[7] his claim is time-barred and Officer Folmar is entitled to summary judgment.

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by April 22, 2009. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested ruling.[8]

---

[7] *See* Complaint at pp. 1, 10.

[8] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF THE REFERRAL

The referral is not terminated.

Entered this 2nd day of April, 2009.

_____
Robert E. Bacharach
United States Magistrate Judge