IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED
APR 28 2009
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY W.H.             DEPUTY

| | |
|---|---|
| TIMOTHY W. CLAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-08-85-W |
| ) | |
| ASST. DIST. ATT. FERN SMITH et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On April 2, 2009, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Motion for Summary Judgment filed pursuant to Rule 56, F.R.Civ.P., by defendant Anne Folmar (now LaPuzza) be granted. On that same day, Magistrate Judge Bacharach issued a Report and Recommendation, wherein he addressed the other pending motions filed by plaintiff Timothy W. Clay and Folmar. The parties were advised of their right to object; neither party has filed an objection within the allotted time.

Upon review of the record, the Court concurs with Magistrate Judge Bacharach's suggested disposition of Folmar's Motion for Summary Judgment. Clay has sought relief under title 42, section 1983 of the United States Code based upon his arrest on November 26, 2004. It is undisputed that Folmar, a police officer employed by the City of Oklahoma City, Oklahoma, arrested Clay on that date without a warrant; it is also undisputed that the Honorable Russell D. Hall, Special Judge for the District Court of Oklahoma County, Oklahoma, conducted a hearing on November 30, 2004, and determined that probable cause existed to continue Clay's detention.

Clay has not challenged the existence of probable cause; rather, he has complained about the legality of his warrantless arrest. Folmar has argued that she is entitled to summary judgment because Clay's claim is time-barred.

According to the United States Court of Appeals for the Tenth Circuit,

> "[a]n arrest warrant and the probable cause determination by a judicial officer after a warrantless arrest are essentially the same legal process, except that one occurs prior to arrest and the other occurs after. Because there was a judicial determination of probable cause . . . , [the plaintiff] . . . became lawfully detained pursuant to legal process at that point, and the statute of limitations began to run on his false arrest/false imprisonment claim."

Young v. Davis, 554 F.3d 1254, 1257 (10th Cir. 2009)(citations omitted). Under Young, Clay's cause of action accrued on November 30, 2004. He filed the instant action against Folmar in March 2008. See Amended Complaint [Doc. 18].

Because section 1983 contains no statute of limitations, the United States Supreme Court has held that the most applicable statute of limitations of the state where the action arose should govern. Wilson v. Garcia, 471 U.S. 261 (1985). The events giving rise to Clay's claim occurred in Oklahoma, and because section 1983 actions are best characterized as personal injury actions, the Court has applied title 12, section 95(A)(3) of the Oklahoma Statutes to determine whether Clay's claim is timely.

Section 95(A)(3) provides that civil actions seeking redress for injury to the rights of another must be brought within two (2) years after the action shall have accrued. As stated, under Young, Clay's cause of action accrued on November 30, 2004, and the two-year period provided by section 95(A)(3) began to run on that date. Accordingly, Clay's complaint filed in March 2008 is untimely.

2

Based upon the foregoing, the Court

(1) ADOPTS the Report and Recommendation [Doc. 99] issued on April 2, 2009;

(2) GRANTS Folmar's Motion for Summary Judgment [Doc. 93] filed on February 12, 2009;

(3) ADOPTS the Report and Recommendation [Doc. 100] also issued on April 2, 2009, wherein Magistrate Judge Bacharach found that adoption of his first Report and Recommendation would moot not only Clay's request for summary judgment, but also Folmar's request that Clay's Motion for Summary Judgment be stricken as well as her alternative request that she be given additional time to respond;

(4) having so adopted Magistrate Judge Bacharach's Report and Recommendation, deems MOOT Clay's Motion for Summary Judgment [Doc. 59] file-stamped July 25, 2008, and Folmar's Motion to Strike Plaintiff's Motion for Summary Judgment as Premature or Alternative Motion for Extension of Time to Respond [Doc. 63] filed on August 11, 2008; and

(5) ORDERS that judgment issue forthwith in favor of Folmar and against Clay.

ENTERED this 28th day of April, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE